DECISION AND JUDGMENT ENTRY
{¶ 1} This accelerated case comes before the court on appeal from the Wood County Court of Common Pleas wherein the court granted summary judgment to appellee, The Daimler-Chrysler Corporation. Because we conclude that the trial court did not err in determining the issues, we affirm.
 {¶ 2} Appellant, Phillip Harris, was employed as a machine operator at appellee's machining plant in Perrysburg, Ohio. On October 27, 1998, appellant was injured while operating a gear hobbing machine. The machine is used to cut gear grooves on metal rings for use in automatic automobile transmissions. Appellant sustained severe injury to his right hand resulting in the amputation of his right index and ring fingers when he reached into the machine to adjust the coolant nozzle. On July 18, 2000, Harris filed a complaint against appellee alleging a claim for employer intentional tort. Appellee filed a motion for summary judgment which was granted on March 8, 2002. Appellant now appeals setting forth the following assignment of error:
 {¶ 3} "The trial court erred in granting the defendant's motion for summary judgment."
 {¶ 4} In order to establish proof of an employer intentional tort and avoid summary judgment an employee must establish all three of the following elements: (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task. Fyffe v. Jeno's, Inc. (1991), 59 Ohio St.3d 115, paragraph one of the syllabus.[1]
 {¶ 5} Appellee's exhibit H which was admitted into evidence shows appellee knew that it was dangerous for an employee to reach his or her hand into an operating machine to adjust a coolant nozzle. Exhibit H is a safety manual provided to employees of the plan. A specific section of the manual is entitled "Main causes of hand injuries at Toledo machining plant." One of the main causes listed is "reaching into a machine with power on to align a part."
 {¶ 6} Appellant has not, however, met the third prong of theFyffe test. That is, appellant has not shown that appellee required appellant to reach his hand into an operating machine to adjust the coolant nozzle. In fact, appellant testified in his deposition that no one at the plant instructed him to reach into the gear hobbing machine when it was running. Moreover, appellant testified that he knew there was a safety rule he was supposed to follow which would preclude him from reaching into the gear hobbing machine when it was running.
 {¶ 7} Accordingly, we conclude that material issues of fact are not in dispute and appellee was entitled to judgment as a matter of law. Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 8} The judgment of the Wood County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
Peter M. Handwork, J., Melvin L. Resnick, J., and James R. Sherck, J., CONCUR.
[1] Appellant did not assert arguments pursuant to R.C. 2745.01.